**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:05CR203**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| NIREN PATEL. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendant's Motion to Enforce Prior Order and Motion to Disclose Identity of Confidential Informant.

In the Motion to Enforce Prior Order, defendant seeks to compel the production of *copies* of any recorded statement he may have made, which defendant contends the government has refused to provide and has only made such recordings available for review within the confines of the United States Attorney's Office. In support of his argument, defendant cites Rule 16(a)(1)(E), Federal Rules of Criminal Procedure, for the proposition that he should be allowed to "inspect and to copy" such recordings.

Under the doctrine that a specific provision trumps a general one, defendant's reliance on Rule 16(a)(1)(E), which concerns "Documents and Objects," is misplaced inasmuch as what he seeks is his own "Written or Recorded Statement," which is specifically addressed by Rule 16(a)(1)(B)(i). Rule 16(a)(1)(E) provides that "the government must permit the defendant to inspect *and* to copy" documents and objects in the <u>conjunctive</u>; Rule 16(a)(1)(B) only provides that "the government must disclose to the defendant, and make available for inspection, copying, *or* photographing" written or recorded statements in the <u>disjunctive</u>.

Fed.R.Crim.P. 16 (emphasis added).

By using the conjunctive form in one provision and the disjunctive form in another part of the same rule, the drafters of the rule clearly intended different results for different types of materials. Thus, the government has satisfied the plain language of Rule 16(a)(1)(B) by disclosing the existence of such recorded statements and making them available for inspection within the offices of the United States Attorney.

Defendant has also filed a Motion to Disclose Identity of Confidential Informant and has attached the case of United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986) for the court's review. Defendant asks this court to "enter an order requiring the government to disclose to defense counsel no later than one week before trial the identity of the informant or informants who arranged to purchase and/or purchased matches from Defendant . . . ." In so moving, defendant asks this court to order what it has already directed in the "Standard Criminal Discovery Order, " which provides:

> 5. If disclosure is required under the governing Fourth Circuit line of cases, no later than one week before trial the government shall disclose to defense counsel the identity of any confidential informant who participated in or is otherwise a material witness to the commission of the offense(s) alleged in the indictment. See McCray v. Illinois, 386 U.S. 300, 311 (1967); Roviaro v. United States, 353 U.S. 53 (1957); United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir. 1992); United States v. Mabry, 953 F.2d 127, 130 (4th Cir. 1991), cert. denied, 112 S. Ct. 1951 (1992); United States v. Price, 783 F.2d 1132, 1138 (4th Cir. 1986); United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985); United States v. Brinkman, 739 F.2d 977, 980-81 (4th Cir. 1984); McLawhorn v. North Carolina, 484 F.2d 1 (4th Cir. 1973). As per the above cited Fourth Circuit decisions, the government is not required to disclose the identity of confidential informants who are mere "tipsters" or "middlemen."

Docket Entry 11, at ¶ 5. As shown, the Standard Pretrial Discovery Order already contemplates the decision in Price which defendant has attached to his pleading. The Standard Pretrial Discovery Order is not a "lesser order" and requires no subsequent Order to make it effective. Defendant's motion will be denied and no CJA fees may be sought for such motion inasmuch as counsel for defendant previously attained the relief sought for defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Enforce Prior Order and Motion to Disclose Identity of Confidential Informant are **DENIED.**

**Signed: July 20, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge