**CRIMINAL NO.  1:05CR203**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **NIREN PATEL** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on the Defendant's motion to dismiss the bill of indictment because the statute with which he is charged is unconstitutionally vague.  The motion is denied.

      The Defendant is charged with violating 21 U.S.C. § 843(a)(7) which provides in pertinent part:

> It shall be unlawful for any person knowingly or intentionally to . . . distribute . . . *any three-neck round-bottom flask, tableting machine, encapsulating machine, or gelatin capsule*, or any equipment, chemical, product or material which may be used to manufacture a controlled substance . . . knowing, intending, or having reasonable cause to believe, that it will be used to manufacture a controlled substance[.]

**21 U.S.C. § 843(a)(7) (emphasis added).**  Defendant here is not charged with distributing flasks, machines or capsules.  The indictment here is limited to the distribution of equipment, chemicals, products or materials, specifically, red phosphorus, a listed chemical.  Defendant is accused of selling quantities of household matches containing this chemical for use in manufacturing methamphetamine.  This, Defendant argues, shows that the statute is vague because only distribution of the first four products is intended to be prohibited.  This argument is rejected

summarily because the language of the statute clearly specifies "any equipment, chemical,

product or material." Defendant also argues that the statute does not provide objective criteria by

which individuals may know what is illegal because literally any product could be used to

produce controlled substances and thus, the statute is vague.

> As a general matter, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited . . . ." [Section 843] satisfies this standard. The section requires a person to possess or to distribute certain identified [items] *knowing, or having reason to know*, that the [items] will be used in the production of illegal narcotics. The section does not punish the inadvertent sale of a listed [item] to an illegal drug manufacturer, but instead punishes only those sales where the seller understands, or should *reasonably understand*, that the [item] will be used illegally. . . . The statute does not require a defendant to read a purchaser's mind. Instead, it instills punishment only when a defendant knows or should know beforehand the illegal end his sale will produce. A reasonable person would understand what conduct is prohibited by this standard, and could discern what activities to forgo so as to comply with the law. The statutory section is not unconstitutionally vague.

*United States v. Bewig*, 354 F.3d 731, 737-38 (8th Cir. 2003) (emphasis added) (internal

citations omitted). Moreover, "[o]ne to whose conduct a statute clearly applies may not

successfully challenge it for vagueness." *Village of Hoffman Estates v. Flipside, Hoffman

Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982) (quotations omitted).

In response to the motion, the Government has noted that sources informed law

enforcement agents that the Defendant offered to sell from his Kwik Stop store all the items

necessary to manufacture methamphetamine. Indeed, DEA agents met with the Defendant in

January 2005 to advise him that federal law prohibited the sale of certain products, including

matches which were located in his store, for the manufacture of methamphetamine. The next

month, a confidential informant ordered such matches from the Defendant on four separate

occasions.  Defendant is "'[o]ne to whose conduct [the] statute clearly applies," and, therefore, he "may not successfully challenge it for vagueness.'"  ***United States v. Saffo*, 227 F.3d 1260, 1270 (10ᵗʰ Cir. 2000) (quoting *Hoffman Estates, supra*).**  The evidence forecasted by the Government shows that the Defendant knew his activities were illegal and thus, "this is not a situation where [he] 'could not reasonably understand that [his] contemplated conduct is proscribed.'"  ***Id.* (quoting *Parker v. Levy*, 417 U.S. 733, 757 (1974)) (other citations omitted).**  As a result, the statute is not unconstitutionally vague.  ***Id.;  United States v. Welch*, 327 F.3d 1081, 1094 (10ᵗʰ Cir. 2003) ("[J]udicial review of a penal statute generally is restricted to consideration of the statute as applied in a particular case[.]").**

The Defendant, however, contends that the statute is unconstitutional because it lacks a specific *mens rea* element.  Nonetheless, the language "having reasonable cause to believe" contained within the statute,

> imposes a constitutionally sufficient *mens rea* requirement. . . .  [T]he standard involves a subjective inquiry that looks to whether the particular defendant accused of the crime knew or had reasonable cause to believe the listed [item] would be used to manufacture a controlled substance.  This requires *scienter* to be evaluated through the lens of this particular defendant, rather than from the prospective of a hypothetical reasonable man.  In this context, the "reasonable cause to believe" standard is one akin to actual knowledge.  The "reasonable cause to believe" standard thus comports with the subjective "guilty mind" or "guilty knowledge" requirement for imposing criminal liability.  Because Congress has included in 21 U.S.C. § [843(a)(7)] the requisite *mens rea* element, [the Court] reject[s] [the Defendant's] constitutional challenge to the statute.

***Saffo*, 227 F.3d at 1268-269 (internal citations omitted); *accord, United States v. Sdoulam*, 398 F.3d 981, 988 (8ᵗʰ Cir. 2005) (The statute "requires a subjective examination of what was reasonable for the specific defendant to believe.").**

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is hereby

**DENIED**.

**Signed: August 5, 2005**

Lacy H. Thornburg
United States District Judge